T.C. Memo. 2000-302


UNITED STATES TAX COURT


DAVID STEVAN AND KAREN ANN BRANDRIET, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4311-99.                    Filed September 25, 2000.


David Stevan Brandriet and Karen Ann Brandriet, pro sese.

Melissa J. Hedtke, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, Judge:  Respondent determined a $75,739 deficiency in
petitioners' Federal income tax for the 1993 taxable year.

After concessions,[1] the issues for decision are:  (1)

_____

[1]Respondent concedes that the compensatory damage award of
$41,453.22 that petitioners received in 1993 is excluded from
petitioners' gross income pursuant to sec. 104(a)(2).
Respondent also concedes that petitioners' business, Malligan's
                                                  (continued...)

Whether a punitive damage award of $200,000 that petitioners received in 1993 is includable in their gross income.  We hold it is.[2]  (2)  Whether petitioners are entitled to deduct interest on a consumer loan in an amount greater than that allowed by respondent.  We hold they are not.

All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  References to petitioner are to David

---

[1](...continued)
Car Cleaning, had gross receipts of $1,842 in 1993.
Petitioners concede that the $48,440 of interest they received in 1993 pursuant to a judgment order is includable in their gross income.
In the notice of deficiency, respondent determined that petitioners were not entitled to claim deductions of $1,011 for vehicle expenses and $322 for utility expenses, because of lack of substantiation and because petitioners did not establish an ordinary and necessary business purpose for the expenditures.
As we read the petition in this case, we do not construe it as containing any reference to respondent's determinations disallowing petitioners' vehicle and utility expense deductions. See Rule 34(b)(4).  Furthermore, petitioners did not address these determinations at trial or on brief and did not proffer any evidence to substantiate these claimed deductions.  Accordingly, we consider petitioners to have conceded these amounts.

[2]Respondent determined that for the year at issue certain computational adjustments should be made, which would:  (1) Reduce petitioners' deduction for exemptions, (2) reduce petitioners' itemized deductions, and (3) preclude petitioners from claiming the earned income credit.
In their petition, petitioners raised the issue of whether the punitive damage award is includable in their gross income and, on the basis of that issue, disputed respondent's computational adjustments.  Our decision of the punitive damage award issue will resolve the dispute of respondent's computational adjustments.

Stevan Brandriet.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated into our findings by this reference. At the time the petition in this case was filed, petitioners resided in Watertown, South Dakota.

On September 18, 1989, petitioners filed suit against Norwest Bank S.D., N.A. (Norwest) for rejection of petitioners' application for a Veterans' Administration home mortgage loan. The original complaint alleged fraudulent misrepresentation, negligent misrepresentation, and negligent processing of the application. The pleadings were later amended to include claims of intentional infliction of emotional distress and punitive damages. After an 8-day trial, the jury returned a verdict holding Norwest liable for negligent processing, fraudulent misrepresentation, and negligent misrepresentation; however, Norwest was found not liable for intentional infliction of emotional distress. Petitioners were awarded $41,453.22 in compensatory damages and $200,000 in punitive damages. The verdict was affirmed on appeal. See Brandriet v. Norwest Bank S.D., N.A., 499 N.W.2d 613 (S.D. 1993).

Petitioners received the punitive damages in 1993; however, they did not report any of this amount on their 1993 Federal

income tax return.

OPINION

## Issue 1.  Whether the Punitive Damages Are Includable in Petitioners' Gross Income

Respondent determined that the punitive damages received by petitioners are taxable.  Petitioners contend that the punitive damages portion of their award is excludable from gross income pursuant to section 104(a)(2), because their lawsuit was based upon tort or tort type rights and the jury "awarded damages it believed would compensate their civil injuries."

### Not Compensatory

Section 104(a)(2) provides that gross income does not include "the amount of any damages received * * * on account of personal injuries or sickness".  An award of punitive damages is not paid on account of a personal injury to the extent that the damages are noncompensatory.  See O'Gilvie v. United States, 519 U.S. 79 (1996).  Whether damages are noncompensatory rests upon applicable State law.  See Bagley v. Commissioner, 105 T.C. 396, 417 (1995), affd. 121 F.3d 393 (8th Cir. 1997).

The present case involves South Dakota law.  See Brandriet v. Norwest Bank S.D., N.A., supra at 616, 618.  In Hulstein v. Meilman Food Indus., Inc., 293 N.W.2d 889, 891, 892 (S.D. 1980), the South Dakota Supreme Court stated that, while the "sole object of compensatory damages is to make the injured party whole", the "purpose of awarding punitive damages is to punish

the wrongdoer."  See also S.D. Codified Laws sec. 21-3-2 (Michie Supp. 2000) (the jury, in addition to the actual damage, may give punitive damages for the sake of example, and by way of punishing the defendant); Veeder v. Kennedy, 589 N.W.2d 610, 622 (S.D. 1999) (punitive damages may properly be imposed to further State's legitimate interests in not only punishing unlawful conduct but also in deterring its repetition).  Contrary to petitioners' assertion, we conclude that the punitive damages were not compensatory.

<u>No Physical Injury or Physical Sickness</u>

The Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. 101-239, sec. 7641(a), 103 Stat. 2106, 2379, amended section 104(a) by adding the sentence "Paragraph (2) shall not apply to any punitive damages in connection with a case not involving physical injury or physical sickness."  OBRA section 7641(b)(2) provided that the amendment is applicable to amounts received pursuant to suit filed after July 10, 1989.  Because petitioners filed suit more than 2 months after this date, the amendment is applicable to the instant case.

The complaint in petitioners' suit was based upon several claims.  Although petitioners claimed to have suffered "emotional injuries" on account of the defendant's actions, the complaint did not mention any physical injury or physical sickness resulting from those actions.  The fact that a taxpayer suffers

"personal" injury from a defendant's conduct is insufficient to satisfy the "physical injury or physical sickness" requirement. Kightlinger v. Commissioner, T.C. Memo. 1998-357.

The jury found Norwest liable for fraudulent misrepresentation, negligent misrepresentation, and negligent processing of a loan application. Petitioners did not obtain redress for any physical injury or physical sickness.

Having considered the allegations in the complaint and the jury's verdict, we find that petitioners did not receive the punitive damages in connection with a case involving physical injury or physical sickness. We hold that petitioners' punitive damages are includable in their gross income.

Issue 2. Whether Petitioners Are Entitled to a Greater Interest Expense Deduction[3]

Petitioners claimed a $3,000 deduction for interest paid on a consumer loan. Respondent determined that petitioners are entitled to deduct $238 of the claimed interest expense as a business expense and disallowed the balance.

Respondent's determinations of fact are presumptively correct, and petitioners bear the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Taxpayers do not have an inherent right to take tax deductions. Deductions are a matter of legislative grace, and a taxpayer

---

[3]Petitioners raised this issue at trial. We consider it tried by consent. See Rule 41(b).

bears the burden of proving entitlement to any deduction claimed. See <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Moreover, a taxpayer is required to maintain records that are sufficient to substantiate his deductions.  See sec. 6001.

At trial, petitioner proffered a photocopy of a cashier's check dated August 6, 1993, made payable to First Federal Savings Bank in the amount of $10,368.49, as evidence of petitioners' payment of interest.  However, petitioners provided no evidence, other than petitioner's vague and uncertain testimony, of the amount of the interest and principal portions of the payment or of the purpose of the loan.  Accordingly, petitioners have not met their burden of proving entitlement to deduct any expense for interest in an amount greater than that allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.